UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO AQUINO FLORES and RICARDO ISIDRO REYES, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class*,<br><br>                              Plaintiffs,<br><br>     -against-<br><br>CGI INC., d/b/a BUS STOP DINER,<br>THREE A PLUS INC., d/b/a MALIBU DINER,<br>ALEXANDROS GRIMPAS,<br>JOSE COLLADO, and<br>ALEXANDROS ILIADIS,<br><br>                              Defendants | Case No.: 1:22-cv-350 (KHP) |

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS SETTLEMENT AND APPROVAL OF THE FLSA SETTLEMENT**

I, C.K. Lee, declare as follows:

1.      I am a partner in the firm of Lee Litigation Group, PLLC ("LLG") in New York, New York, Plaintiffs' counsel herein. LLG is a firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class-wide violations of wage and hour laws, discrimination and harassment based on sex, race, disability, or age, among other areas.

2.      I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience**

3.      I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree from The University

of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the United States Supreme Court, the Second Circuit Court of Appeals and the United States District Courts for the Northern, Western, Eastern, and Southern Districts of New York. I am a member in good standing of each of these bars. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel. Since April 2009, a substantial part of my practice has been in prosecuting wage and hour class and collective action cases.

4. I have served as lead counsel in over 100 court-approved wage and hour class and collective settlements. A list of these cases is attached hereto as **Exhibit A**.

**Thorough Investigation and Litigation of the Class Claims**

5. This proposed settlement would resolve claims brought by Plaintiffs FERNANDO AQUINO FLORES and RICARDO ISIDRO REYES, and current and former non-exempt front of house or back of house employees employed by Defendants at Bus Stop Diner and Malibu Diner from January 13, 2016 to April 15, 2022, and who do not opt-out of the class. As part of the settlement, class members will release wage and hour claims under Federal and New York State law against Defendants CGI INC., d/b/a BUS STOP DINER, THREE A PLUS INC., d/b/a MALIBU DINER, ALEXANDROS GRIMPAS, JOSE COLLADO, and ALEXANDROS ILIADIS (collectively, "Defendants") (together with Plaintiffs, the "Parties").

6. On January 13, 2022, Plaintiffs filed the instant lawsuit seeking to bring class and collective action claims against Defendants pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") ("the Litigation"). The Complaint alleged that Defendants failed to pay Plaintiffs and other non-exempt employees: (i) proper wages, including overtime, due to Defendants' time-

shaving policies; (ii) proper minimum wages due to invalid tip credit; (iii) unlawfully retained gratuities; (iv) proper spread of hours compensation; in addition to (v) statutory penalties. Plaintiffs sought to recover, on behalf of themselves and others they claimed were similarly situated, unpaid minimum wages, unpaid overtime compensation, liquidated damages and penalties, injunctive relief and attorney's fees and costs.

7. On April 7, 2022, the Parties engaged in a full-day in-person mediation with Martin F. Scheinman of Scheinman Arbitration & Mediation Services, a highly respected mediator experienced in resolving complex employment disputes. During this mediation, the Parties reached a settlement in principle and, thereafter, continued negotiating the terms of the class settlement, which was memorialized in the Class Settlement Agreement ("Settlement Agreement").

8. Prior to the mediation with Martin F. Scheinman, Esq. on April 7, 2022, at which the Parties reached a settlement in principle, Plaintiffs' Counsel performed a damages calculations for the following claims: (i) unpaid wages, including overtime, due to Defendants' time-shaving policies, (ii) unpaid minimum wages due to invalid tip credit, (iii) unlawfully retained gratuities, (iv) unpaid spread of hours compensation, and (v) statutory damages. After investigating the claims of Plaintiffs and the Class, in Plaintiffs' and Class Counsel's view, it became apparent that certain claims carried significant risk, may be defeated, or at most, significantly weakened.

9. Before and during the formal litigation of this action, a team of attorneys and paralegals at LLG conducted a thorough investigation into the claims and defenses. We focused our investigation and legal research on the underlying merits of class members' claims, the damages to which they were entitled, and the propriety of class certification.

10. We conducted in-depth interviews with Plaintiffs to determine the hours they worked, the wages they were paid, the nature of their daily activities, the basis and substance of their time

shaving allegations, and other information relevant to their claims. Discovery in this case was two-phased, with certain documentation produced prior to mediation and, thereafter, confirmatory discovery produced post-mediation for counsel to conduct a more accurate analysis of liability and settlement percentage recovery, given the defenses and arguments raised by Defendants at mediation. Prior to mediation, Plaintiffs reviewed and analyzed paystubs, payroll summaries and time records for Plaintiffs, a sampling of cash wages for OT hours in 2019 for Plaintiff Flores, and the credit card tips report for the time period of March 28, 2020 through March 28, 2021 for Plaintiff Reyes. Following mediation, Defendants produced a class list, a 10% sampling, consisting of Class Members' pay rates for Bus Stop Diner and Malibu Diner, non-tipped Class Members' wage notice forms, and Class Members' payroll summaries in order for Plaintiffs to conduct confirmatory discovery. Plaintiffs' counsel used the documents provided by Defendants for mediation, as well as the recollection and testimony of Plaintiffs, to calculate the potential damages owed to Plaintiffs and the Class Members prior to the Parties' private mediation on April 7, 2022.

11. Plaintiffs provided information to Class Counsel regarding the wage and hour practices of Defendants. Plaintiffs regularly communicated with us and assisted with the preparation of the complaint and the factual investigation of the claims, and were responsive and involved during settlement negotiations and available to communicate with Class Counsel when necessary, including during mediation.

**Settlement Negotiations**

12. During the course of the litigation, the Parties have negotiated at arm's length to reach a settlement figure for the class. Such negotiations were contentious where both Parties argued strenuously in favor of their positions.

13. The parameters of the settlement were also the result of contentious negotiations. The

Parties were able to resolve this case through a full-day mediation overseen by Martin F. Scheinman, Esq. on April 7, 2022. Prior to the mediation, Plaintiffs submitted a detailed mediation statement which explained to Mr. Scheinman the Plaintiffs' and Class' claims, noted Defendants' vulnerabilities, acknowledged risks, and provided and explained Plaintiffs' class-wide damages calculations. At the April 7, 2022 mediation, the Parties reached a settlement in principle. The terms of the settlement are set forth in the Settlement Agreement, which was fully executed on April 15, 2022. If the parties had not been able to settle amicably, the parties would have engaged in further discovery, conducted depositions, and retained and deposed experts. Plaintiffs would have moved for Rule 23 Class certification and summary judgment, and Defendants would have opposed said motions, moved for decertification of the class and FLSA collective as well as summary judgment, each at a significant cost to the Parties.

14. On May 6, 2022, Class Counsel prepared and submitted a preliminary approval motion, which was granted by the Court on May 18, 2022[1].

15. At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

16. The Court-approved Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Notices") were mailed to Class Members by settlement administrator Advanced Litigation Strategies, LLC on July 15, 2022.

17. Class Counsel believes the current settlement is fair, and the result of this settlement was not the product of any collusion among the parties. Plaintiffs' Counsel believes that the settlement represents a significant percentage of the recovery that Plaintiffs and the Class could have achieved

---

[1] 1 The class settlement was originally contemplated at $375,000 for a class of 200 individuals. However, based on the increased class size of 232, pursuant to the Settlement Agreement, the settlement amount was increased to $435,000.

had they and the Class prevailed on all their claims and survived an appeal.

18.     Plaintiffs' counsel believes that the gross settlement fund represents a fair recovery to Plaintiffs and Class Members. While it is possible to argue that if Plaintiffs were to prevail on all their claims, there would be substantial damages in excess of the gross settlement fund, such analysis does not properly reflect the risk associated with this litigation. As such, the settlement negotiated represents an award that is attractive and fair.

**Results from Mailing of Class Notice**

19.     The Settlement Agreement creates a fund of $435,000 representing the class settlement (the "Gross Settlement Fund"). The Fund covers attorneys' fees and costs, class members' awards, administration fees, and service awards to the Class Representatives.

20.     Advanced Litigation Strategies, LLC ("ALS"), an administration company under common control of Class Counsel, administered the Notices. As detailed in the Declaration of Tara Nguyen, on or about June 9, 2022, Defendants provided a class list of 232 Class Members to ALS. On June 27, 2022, Defendants' counsel supplemented the Class List with employment periods for the Class Members. Upon analyzing the data, we determined that eight (8) out of 232 individuals were employed out of the Class Period and excluded them from the Class List; 224 individuals remained. Out of the 224 individuals, ALS disseminated the class notice to 183 individuals via First Class Mail, for whom contact details were provided by Defendants. For those missing a mailing address, ALS attempted to contact them at the phone numbers provided by Defendants, if any, and was able to obtain nine (9) addresses and mailed the Notice Packets to those individuals. Therefore, a total of 192 Notice Packets were distributed. Although forty-one (41) notices out of the 192 were returned as undeliverable without forwarding addresses, ALS diligently pursued obtaining alternate addresses for such Class Members and was able to locate seven (7) updated addresses,

which it used to re-mail those notices. All seven (7) re-mailed notices were successfully delivered. Ultimately, based on the class size of 222[2], 158 Notice Packets were successfully delivered for a total deliverable rate of approximately 71%., and 64 were not successfully delivered for a total undeliverable rate of approximately 29%. However, based solely on those 192 notices mailed, the delivery rate was approximately 82% and 34 Notice Packets were not successfully delivered, for a total undeliverable rate of 18%. In addition to the mailing by the claims administrator, in order to provide the best notice practicable, Defendants posted notice at each of its locations[3], to ensure maximum notification to Class Members.

21.     On June 9, 2022, ALS mailed CAFA notices to the appropriate federal and state officials. More than ninety (90) days have passed, and no comment or objection has been received from any government official with regard to the proposed settlement.

22.     As of September 13, 2022, the deadline for class members to object to or opt-out of the settlement, only two (2) Class Members have opted out of the settlement, and no Class Members have objected.

23.     Class Counsel believes that the proposed settlement is fair because no individual has made any objections after the notices of settlement were mailed and only two (2) have chosen to exclude themselves from the settlement. *See Diaz v. E. Locating Serv. Inc.*, 2010 WL 550912 at *4 (S.D.N.Y.) (finding the fact that no class member objected to settlement or requested exclusion demonstrated that the class approved of the settlement); *deMunecas v. Bold Food, LLC*, 2010 WL 3322580 at *5 (S.D.N.Y.) (same); *Wright v. Stern*, 553 F. Supp. 2d 337, 345 (S.D.N.Y. 2008) ("The fact that the vast majority of class members neither objected nor opted out is a strong

---

[2] Out of the 224 individuals with relevant work periods on the Class List, two (2) opted out of the Class.
[3] Copies of the class settlement notice were posted directly above the timecard machine where employees must punch in and out and/or in the area where the timecard machine is located at Defendants' restaurants.

indication that the proposed settlement is fair, reasonable, and adequate."); *see also Rutti v. Lojack Corp.*, 2012 WL 3151077, at *6 (C.D. Cal. 2012) (low participation rate is not a reflection on success of class action).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
   October 5, 2022       Respectfully submitted,

                **LEE LITIGATION GROUP, PLLC**

                */s/ C.K. Lee, Esq.*
                C.K. Lee, Esq. (CL 4086)
                148 West 24th Street, Eighth Floor
                New York, NY 10011
                Tel.: 212-465-1188
                *Attorney for Plaintiffs,*
                *FLSA Collective Plaintiffs and the Class members*

# EXHIBIT A

List of Class Cases

| | | | |
|---|---|---|---|
| 1. | Mendez v. Pizza On Stone, LLC et al | 11-cv-06316 | SDNY |
| 2. | Khamsiri v. George & Frank's Japanese Noodle Rest Inc. et al | 12-cv-00265 | SDNY |
| 3. | Kuznetsov v. XpresSpa-Jdee JV, LLC, et al. | 10-cv-3473 | EDNY |
| 4. | Sanjaya et al v. Inakaya USA, Inc. Et al | 12-cv-04500 | SDNY |
| 5. | Sierra v. Triple J. Associates of Queens, Inc. et al | 12-cv-04462 | EDNY |
| 6. | Flores et al v. KC 53 LLC et al | 12-cv-08095 | SDNY |
| 7. | Mosquea v. Oasis Outsourcing II et al. | 12-cv-8099 | SDNY |
| 8. | Viafara v. MCIZ Corp. Et al | 12-cv-7452 | SDNY |
| 9. | Shahriar v. Sukhmani Inc. Et al | 13-cv-03823 | SDNY |
| 10. | Romero v. La Revise Associates, L.L.C. et al | 12-cv-08324 | SDNY |
| 11. | Lin et al v. Benihana National Corp. et al | 10-cv-01335 | SDNY |
| 12. | Trinidad v. Pret A Manger (USA) Limited, et al. | 12-cv-6094 | SDNY |
| 13. | Bravo v. Established Burger One L.L.C. et al. | 12-cv-9044 | SDNY |
| 14. | Sanchez v. JMP Ventures, L.L.C. et al | 13-cv-07264 | SDNY |
| 15. | Carillo v. 27-39 East 30th Rest. Corp., et al. | 13-cv-4491 | SDNY |
| 16. | Hussein et al. v. J. Caldwell Corp. et al. | 13-cv-2685 | SDNY |
| 17. | Ortiz et al v. Chop't Creative Salad Company LLC, et al | 13-cv-0254 | SDNY |
| 18. | Guaman v. 5 "M" Corp. et al. | 13-cv-3820 | SDNY |
| 19. | Alvarado v. Dublin 6 at 115 Broadway Inc. et al | 14-cv-03939 | SDNY |
| 20. | Santana v. Fishlegs LLC et al | 13-cv-01628 | SDNY |
| 21. | Mohamed, et al. v. Ess-A-Bagel Inc., et al. | 13-cv-8726 | SDNY |
| 22. | Yuzary, et al. V. HSBC Bank USA N.A., et al. | 12-cv-3693 | SDNY |
| 23. | Long et al v. HSBC USA Inc. Et al | 14-cv-6233 | SDNY |
| 24. | Cortez v. BB One LLC, et al. | 14-cv-4129 | SDNY |
| 25. | Maisanche v. Paola Painting & Renovation LLC, et al. | 511960/2015 | Kings |
| 26. | Corte v. Fig & Olive Founders LLC, et al | 14-cv-7186 | SDNY |
| 27. | Perez v. Dos Toros, LLC, et al | 14-CV-9183 | SDNY |
| 28. | Cabrera v. Glenoak Enterprises LLC, et al | 14-cv-5599 | EDNY |
| 29. | Martinez et al v. Blockhead's Burritos | 15-cv-3294 | SDNY |
| 30. | Mohamed v. Sophie's Cuban Cuisine Inc., et al. | 14-CV-3099 | SDNY |
| 31. | Solorio v. 142 Mercer Street, LLC d/b/a Lure Fishbar, et al. | 15-cv-5817 | SDNY |
| 32. | Galvez v. Lucky Pearl, LLC et al | 15-cv-05177 | SDNY |
| 33. | Hernandez v. McGee's Bar & Grill, Inc., et al. | 15-cv-06067 | SDNY |
| 34. | Gonzalez et al v. Famiglia-Debartolo, LLC et al | 13-cv-08468 | SDNY |
| 35. | Asencio v. Arturo's Park Inc., et al. | 15-cv-9186 | SDNY |
| 36. | Zamora et al v. One Fifty Fifty Seven Corp. et al | 14-cv-08043 | SDNY |
| 37. | Montenegro, et al v. XpresSpa at Term. 4 JFK LLC, et al | 15-cv-3539 | SDNY |

| | | | |
|---|---|---|---|
| 38. | Riedel v. Acqua Ancient Bath New York LLC, et al. | 14-cv-7238 | SDNY |
| 39. | Jin v. Spa Castle, Inc., et al. | 14-CV-5545 | EDNY |
| 40. | Barcenas v. Luma Rest, Inc. d/b/a Lusardi's, et al. | 15-CV-10043 | SDNY |
| 41. | Dipalma v. New 2rgánico, Inc. | 15-cv-9753 | SDNY |
| 42. | Metodio v. Down and Dirty Tacos & Tequila Bar Meatpacking LLC, et al. | 15-cv-08754 | SDNY |
| 43. | Santiago v. Rivka, Inc. d/b/a Café Mogador, et al. | 15-cv-9184 | SDNY |
| 44. | Mariani, et al. v. OTG Management, Inc., et al. | 16-CV-1751 | EDNY |
| 45. | Bairon Orellana et al – v. – Pio Pio NYC, Inc. Et al | 155941/2016 | NY |
| 46. | Ruiz, et al. v. Force Services, LLC, et al. | 16-cv-6729 | SDNY |
| 47. | Salazar, et al. v. Spectrum of Creations, Inc., et al. | 16-CV-0653 | SDNY |
| 48. | Andreescu v. Bravo Brio Restaurant Group, Inc. | 16-CV-6508 | SDNY |
| 49. | Vasquez v. GRK 451 Lexington Ave LLC, et al. | 16-cv-7305 | SDNY |
| 50. | Iturbide v. Cho Familia Dynastia, Inc. d/b/a Flor de Mayo, et al | 17-CV-596 | SDNY |
| 51. | Maisanche v. Paola Painting & Renovation LLC, et al. | 16-cv-7697 | SDNY |
| 52. | Huerta v. West 62 Operating LLC, et al. | 16-CV-3876 | SDNY |
| 53. | Jaigua v. Vordonia Contracting & Supplies Corp., et al. | 16-cv-6538 | EDNY |
| 54. | Gonzalez v. PB Hudson LLC, et al. | 17-CV-2010 | SDNY |
| 55. | Gomez v. Kitchenette 123 Inc., et al. | 16-cv-3302 | SDNY |
| 56. | Lucia Marett v. Palm Restaurant Inc. | 16-CV -9381 | SDNY |
| 57. | Rodriguez v. Park It Management Corp., et al. | 17-CV-4995 | SDNY |
| 58. | Gomez v. Terri Vegetarian LLC d/b/a Terri, et al. | 17-cv-00213 | SDNY |
| 59. | Jara v. Felidia Restaurant, Inc., et al. | 17-CV-9622 | SDNY |
| 60. | Escobar et al v. Pret A Manger (USA) Limited et al | 17-cv-05227 | SDNY |
| 61. | Bravo v. Fourth on Fifth LLC, et al. | 17-cv-7003 | SDNY |
| 62. | Falcon v. Bogopa Service Corp. Et al | 17-CV-6230 | SDNY |
| 63. | Garcia Morales v. New Indian Foods, LLC, et al. | 18-cv-3401 | SDNY |
| 64. | Moreno Flores v.47th St. Food, Inc. d/b/a Blake & Todd, et al. | 18-cv-4281 | SDNY |
| 65. | Monter v. AP & SS Restaurant Group LLC, et al. | 18-CV-1859 | SDNY |
| 66. | Quic v. Dig Inn Restaurant Group, LLC, et al. | 516484/2018 | Kings |
| 67. | Noel Reyes et al. v. 600 west 169th Rest, Inc. et al. | 159303/2016 | NY |
| 68. | Hamann v. Ross Window Corp. et al. | 18-cv-01422 | SDNY |
| 69. | Lin et al. V. Benihana Inc. Et al. | 18-cv-11226 | SDNY |
| 70. | Estrada v. Kingsbridge Marketplace Corp. et al. | 17-cv-09890 | SDNY |
| 71. | Tendilla et al. v. Pearlstone Restaurant, LLC et al. | 18-cv-08900 | SDNY |
| 72. | Rodriguez et al v. Castle Check Cashing Corp. et al. | 17-cv-09930 | SDNY |
| 73. | Baten v. Mr. Kabob Restaurant Inc. et al. | 16-cv-9559 | SDNY |
| 74. | Reyes v. Nocera Restaurant, Inc. Et al. | 16-cv-00455 | EDNY |
| 75. | Chang v. Philips Bryant Park LLC et al. | 17-cv-08816 | SDNY |
| 76. | Fteja v. Nusret New York LLC et al. | 19-cv-00429 | SDNY |
| 77. | Carrasco v. Sompo America Insurance Services LLC et al. | 17-cv-07319 | SDNY |

| | | | |
|---|---|---|---|
| 78. | Salazar v. P.V. Bakery, Inc. et al. | 18-cv-04153 | SDNY |
| 79. | Garcia v. Roti Restaurants, LLC | 18-cv-09820 | SDNY |
| 80. | Tavera v. 18 Greenwich Avenue, LLC et al. | 19-cv-08258 | SDNY |
| 81. | Pacheco et al. v. Chickpea at 14th Street Inc. et al. | 18-cv-00251 | SDNY |
| 82. | Patterson v. Chipotle Mexican Grill, Inc. et al. | 54446/2020 | Westchester |
| 83. | Vazquez, et al. V. Eataly America Inc., et al. | 156933/2018 | NY |
| 84. | Delijanin v. Wolfgang's Steakhouse | 18-cv-07854 | SDNY |
| 85. | Eliaas et al v. The Dinex Group, LLC et al. | 20-cv-03117 | SDNY |
| 86. | Buchanan, et al. v. Pay-O-Matic Check Cashing Corp., et al. | 18-cv-00885 | EDNY |
| 87. | Villar v. AHRC Home Care Services, Inc. et al. | 18-cv-09174 | SDNY |
| 88. | Snagg v. Birch Family Services, Inc. et al. | 18-cv-06723 | EDNY |
| 89. | Hernandez v. Between the Bread 55th Inc. et al. | 17-cv-09541 | SDNY |
| 90. | Kakharov v. Carmines Broadway Feast Inc. et al. | 161839/2019 | NY |
| 91. | Chen et al v. Xpresspa at Term. 4 JFK, LLC et al. | 15-cv-01347 | EDNY |
| 92. | Barcenas v. Erminia Restaurant Corp. Et al. | 508240/2021 | Kings |
| 93. | Emeterio et al v. A & P Restaurant Corp. | 20-cv-00970 | SDNY |
| 94. | Martinez et al v. Ayken, Inc. Et al. | 13-cv-07411 | EDNY |
| 95. | Rosario et al v. EMZ Solutions LLC, et al. | 18-cv-03297 | EDNY |
| 96. | Caceres et al v. Tawh, Inc. Et al. | 504187/2021 | Kings |
| 97. | Sanchez v. International Concrete Corp et al | 20-cv-00673 | EDNY |
| 98. | Pena v. SP Plus Corporation | 20-cv-01370 | SDNY |
| 99. | Flores v. Max Binik 'Z.L.' Corp. et al. | 520766/2021 | Kings |
| 100. | Washington v. Senior Ride Transportation, LLC et al. | 520457/2021 | Kings |
| 101. | James v. China Grill Management Inc., et. al. | 18-cv-0455 | SDNY |